IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs. CASE NO.: 4:07cr71-SPM

CHARLES S. FARIS III,

    Defendant.

_____/

## **ORDER DENYING MOTION IN LIMINE**

    This cause comes before the Court on Defendant's Motion in Limine (doc. 42) which is directed toward evidence of child pornography and adult pornography found on Defendant's computer and other electronic storage devices.  The Government has agreed to limit its presentation of the child pornography in a manner satisfactory to Defendant.  The motion in limine as to the child pornography is therefore moot.  As to the adult pornography, an issue remains whether the Government should be allowed to cross-examine Defendant about the adult pornography.

    Defendant is charged with two counts of using a facility in interstate or foreign commerce to knowingly attempt to induce a minor to engage in criminal sexual activity, as proscribed by Title 18, United States Code, Section 2244(b). The allegations in this case are that the Defendant believed he was speaking

with the mother of two young girls and that he made arrangement with the mother to engage in sexual activity with the girls.  The communications occurred as part of an undercover police investigation.  In his conversations with the purported mother, Defendant expressed an interest in sex with children as well as bestiality and golden play.

Defendant has set out a theory of defense that he did not actually intend to engage in sexual activity with the girls and that his conversations were fantasy or sexual theater.  The pornographic images found on Defendant's computer indicate that Defendant was expressing his real interests when speaking with the purported mother of the two girls, however.  The child pornography, as well as adult pornography depicting bestiality and golden play, are therefore relevant to the facts at issue.

The Government has acknowledged the risk of unfair prejudice to Defendant if the actual images are displayed to the jury.  Accordingly, although the Government will be allowed to cross-examine Defendant about the pornography, the inquiry will be limited to showing that Defendant's representations to the purported mother were consistent with the pornographic images that Defendant actually possessed.  Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion in Limine (doc. 42) is denied.

DONE AND ORDERED this 17th day of June, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:07cr71-SPM