IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO.: 4:07cr71-SPM

CHARLES S. FARIS III,

   Defendant.
_____/

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant, Charles S. Faris III, is charged with two counts of using a facility in interstate or foreign commerce to knowingly attempt to induce a minor to engage in criminal sexual activity, as proscribed by Title 18, United States Code, Section 2244(b).  He argues that he is entitled to a judgment of acquittal because the Government has failed to show that his activity affected interstate commerce.  Although Defendant concedes that he used a telephone and the internet, he argues that his communications began and ended in the State of Florida and, therefore, his conduct falls outside the power of Congress to regulate under its Commerce Clause powers.

Defendant's argument is foreclosed by United States v. Evans, 476 F.3d 1176, 1180-81 (11th Cir. 2007), which held that the use of a instrumentality of interstate commerce, even when it is not used to make interstate

communications, is sufficient to satisfy he interstate commerce element of Title 18, United States Code, Section 2244(b).  A telephone is an instrumentality of interstate commerce.  Id.  So is the internet.  United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004).  Defendant's use of these instrumentalities of interstate commerce are sufficient to bring his conduct within Congress's Commerce Clause authority.  Evans, 476 F3d at 1181.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion for Judgment of Acquittal is denied.

DONE AND ORDERED this 17th day of June, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge